IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | C O M P L A I N T |
| VIP HOME NURSING & REHABILITATION SERVICE, LLC, f/k/a VIP HOME NURSING & REHABILITATION SERVICE, INC., d/b/a CAREALL HOME CARE SERVICES – VIP, and CAREALL, INC., | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, failure to preserve relevant employment records, and to provide appropriate relief to Louis Vick, who was adversely affected by such practices.

As alleged with greater particularity in paragraphs 9 a-t and 13 a-f below, the Equal Employment Opportunity Commission alleges that CareAll, Inc., and CareAll, LLC, d/b/a VIP Home Nursing & Rehabilitation Services, LLC, a/k/a VIP Home Nursing and Rehabilitation Services, Inc., discharged Mr. Vick because of his race, African American. The Commission also alleges that Defendants failed to file EEO-1 reports as required by Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1602.14.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful discrimination alleged below was committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII; 42 U.S.C. §§ 2000e-5(f)(1) and (3); and 42 U.S.C. § 2000e-8(c) and regulations issued thereunder, 29 C.F.R. § 1602.9.

4. At all relevant times, Defendant VIP Home Nursing & Rehabilitation Service, LLC, formerly known as VIP Home Nursing & Rehabilitation Service, Inc, doing business as CareAll Home Care Services – VIP, has continuously been doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant CareAll Inc. has continuously been doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

6. On information and belief, one or both of Defendants, individually and/or jointly, were the employer of Mr. Vick, and Defendants are referred to jointly and severally herein as "Defendant Employer."

7. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

2

Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer operates a home health care agency, providing care for people ranging from infants to senior adults.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Louis Vick filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

9. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practices through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least February 2013, Defendant Employer has engaged in unlawful employment practices at its Nashville, Tennessee facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include discharging Louis Vick because of his race, African American.

    a. Defendant Employer is one of the largest home health providers in Tennessee. During the relevant time period, Defendant Employer was owned, operated, and/or controlled by James Carell, a White male.

    b. Defendant Employer recruited and hired Mr. Vick through an outside firm.

    c. Mr. Vick spoke with Mr. Carell by telephone prior to his hire.

    d. Mr. Vick began working as an Administrator for Defendant Employer in January 2012, supervising the Directors of Patient Services at various offices.

    e. While employed, Mr. Vick was not disciplined by Defendant Employer.

3

Case 3:14-cv-01927   Document 1   Filed 09/30/14   Page 3 of 8 PageID #: 3

f. After he was hired, Mr. Carell frequently made racist comments about Mr. Vick.

g. Mr. Carell said he did not "want a nigger making management decisions at his company."

h. Mr. Carell said he "was going to fire that nigger. He's just not going to stay here."

i. Prior to Mr. Vick's employment, Defendant Employer had never placed minority employees in any position of authority because of Mr. Carell's beliefs about minorities.

j. Around February 18, 2013, Defendant Employer's Director of Business & Marketing, Tripp Thornton, told Mr. Vick that he would be let go.

k. Defendant Employer had never discussed performance issues with Mr. Vick. Mr. Vick was performing his job duties to the satisfaction of his employer.

l. Mr. Vick received a bonus in 2012 from Defendant Employer.

m. Mr. Thornton said that the fact that Mr. Vick would be let go was not due to Mr. Vick's performance.

n. Rather, Mr. Thornton told Mr. Vick that Defendant Employer was simply "going in a different direction" with the Administrator position.

o. Mr. Thornton later claimed that he and Mr. Vick had a "face to face agreement" regarding Mr. Vick's discharge.

p. According to Mr. Thornton, Mr. Vick agreed to resign.

q. However, Defendant Employer later stated in a separation notice that it

4

had discharged Mr. Vick on February 19, 2013, for "unprofessionalism" and "poor performance."

    r. In a second separation notice, Defendant Employer claimed it discharged Mr. Vick for "inappropriate and offensive conduct around female staff," "excused absence from office," "refusing referrals," and "HIPPA violations."

    s. Defendant Employer admitted during the investigation of Mr. Vick's charge of discrimination that Mr. Vick's personnel file was missing and therefore, Defendant Employer had none of the documents that purportedly documented the basis for Mr. Vick's termination.

    t. After discharging Mr. Vick, Defendant Employer replaced him with a White employee.

12. The effect of the practices complained of in paragraphs 13(a)-(t) above has been to deprive Mr. Vick of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

13. Since at least for each calendar year from 2012 to the present, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1602.14, to prepare, execute, and file an accurate and complete Employer Information Report EEO-1 ("EEO-1 report").

    a. Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), authorizes the EEOC to require employers to make records, preserve records, and report to the EEOC concerning records "relevant to the determinations of whether unlawful practices have been or are being

5

Case 3:14-cv-01927   Document 1   Filed 09/30/14   Page 5 of 8 PageID #: 5

committed."

b. By regulations codified at 29 C.F.R. §§ 1602.7-1602.14, the EEOC requires all employers with more than one hundred employees to file an annual EEO-1 report with the Commission or its delegate.

c. The regulations also require employers to retain and make available such reports when requested by the Commission during its investigation of charges.

d. During the investigation of Mr. Vick's charge of discrimination, the Commission requested EEO-1 reports from Defendant Employer.

e. Defendant Employer failed to produce any EEO-1 reports.

f. Defendant Employer has failed to file such EEO-1 reports as required by law.

14. The unlawful employment practices complained of in paragraphs 9(a)-(t) and 13(a)-(f) above were intentional.

15. The unlawful employment practices complained of in paragraphs 9(a)-(t) and 13(a)-(f) above were done with malice or with reckless indifference to the federally protected rights of Louis Vick.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race discrimination, and from failing to maintain records relevant to the determination of whether unlawful employment practices have been or are being committed.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Louis Vick, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Louis Vick.

D. Order Defendant Employer to make whole Louis Vick, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9(a)-(t) and 13(a)-(f) above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Louis Vick by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9(a)-(t) and 13(a)-(f) above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Louis Vick punitive damages for its malicious and reckless conduct described in paragraphs 9(a)-(t) and 13(a)-(f) above, in amounts to be determined at trial.

G. Order that Defendant Employer, without further delay, prepare, execute and file accurate and complete EEO-1 reports as required by law for each calendar year from 2012 to the present.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

*Faye Williams by acj*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0140

*Anica Jones*
**ANICA JONES**
Senior Trial Attorney
TN Bar No. 025325

*Mark Chen by acj*
**MARK CHEN**
Senior Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784