IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| v. | ) ) | No. 3:14-01927 JUDGE TODD J. CAMPBELL |
| VIP HOME NURSING & REHABILITATION SERVICE, LLC, f/k/a VIP HOME NURSING & REHABILITATION SERVICE, INC., d/b/a CAREALL HOME CARE SERVICES - VIP, and CAREALL, INC. | ) ) ) ) ) | |

MEMORANDUM

I. Introduction

Pending before the Court are the Plaintiff Equal Employment Opportunity Commission's Motion for Partial Summary Judgment (Docket No. 45); Defendant's Response In Opposition (Docket No. 50); and Plaintiffs Reply (Docket No. 53). For the reasons set forth herein, the Plaintiff's Motion is GRANTED in part, and DENIED in part.

II. Procedural Background

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this action against Defendant VIP Home Nursing & Rehabilitation Service, LLC, f/k/a VIP Home Nursing & Rehabilitation Service, Inc., d/b/a CareAll Home Care Services – VIP, and Defendant Careall, Inc., for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991. (Docket No. 1). More specifically, the Plaintiff alleges that the Defendants discharged a former employee, Louis Vick, because of his race, and failed to file EEO-1 reports as required by law "for each calendar year from 2012 to the present" (The

Complaint was filed on September 30, 2014). (Id.) Through the pending Motion, the Plaintiff seeks summary judgment on the second claim.

III. Analysis

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Hamilton v. General Electric Co., 556 F.3d 428, 433 (6th Cir. 2009); Van Gorder v. Grand Trunk Western Railroad, Inc., 509 F.3d 265, 268 (6th Cir. 2007).

In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. Van Gorder, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. Id.

The EEOC is authorized by 42 U.S.C. § 2000e-8(c) to require employers to make and preserve records, and to submit reports to the EEOC concerning information relevant to the enforcement of Title VII. By regulations codified at 29 C.F.R. §§ 1602.7-1602.14, the EEOC requires all employers with more than 100 employees to file an annual "Employer Information Report EEO-1" on or before September 30 of every year.

In response to the Plaintiff's Statement Of Undisputed Material Facts, the Defendants admit that "No EEO-1 Reports were filed on behalf of Defendants for calendar years 2013 and 2014, but were filed prior to those years, and since, including for calendar year 2015." (Docket No. 51, at ¶ 2).

Accordingly, the Court grants summary judgment to the Plaintiff on its claim that the Defendants failed to file EEO-1 reports as required for the calendar years 2013 and 2014. On or before May 27, 2016, the Defendants shall file the required reports for those calendar years. 29 C.F.R. § 1602.9.

To the extent the Plaintiff requests any further specific relief, it should make that request by separate motion with supporting authority. Plaintiff's request for summary judgment as to the calendar year 2012 is denied as there are disputed issues of material fact as to that claim. (See Docket Nos. 51, 54).

## IV. Conclusion

For the reasons set forth herein, the Plaintiff's Motion For Partial Summary Judgment is granted in part, and denied in part, as set forth herein.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE